NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATTEBURY GRAIN LLC, a limited liability company, | No. 18-55532 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-02407-R-PJW |
| v. | |
| VICENTE CORTEZ, an individual; Trustee of the Vicente Cortez Separate Property Trust; JUAN CORTEZ, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 21, 2020
Pasadena, California

Before: RAWLINSON, CLIFTON, and BRESS, Circuit Judges.

Vicente Cortez appeals the district court's denial of his motion to alter or amend the judgment. We assume familiarity with the facts and procedural history and discuss them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Superior Grain Co., Cortez's former company, failed to pay for corn it purchased from Attebury Grain LLC in 2011. Attebury in 2013 received an arbitration award, which it has been trying to collect ever since. To avoid payment of this award, Cortez formed Grayn Co. and transferred all of Superior's assets to Grayn. Attebury sued for fraudulent transfer and unjust enrichment. The district court held that Superior, Grayn, and Cortez were alter egos and awarded Attebury the amount of the arbitration award, plus interest, for a total of $1,010,343.05. We previously affirmed summary judgment on the fraudulent transfer claims, held the unjust enrichment claim was legally deficient, and remanded so the district court could determine the damages due on the fraudulent transfer claims alone. *Attebury Grain LLC v. Grayn Co.*, 721 F. App'x 669, 671–72 (9th Cir. 2018).[1]

Meanwhile, Cortez transferred nearly all of his personal assets to his son and to his bank in order to eliminate his line of credit on a newly purchased property. Attebury again sued alleging fraudulent transfer. The district court granted Attebury summary judgment and awarded $451,492.49 in compensatory damages and $902,984.98 in punitive damages. Cortez appeals these awards here.

1.    The compensatory damages award in this second fraudulent transfer

---

[1] On remand, the district court determined that the damages remained the same and awarded additional interest. Cortez and Grayn separately appealed that damages award. *See Attebury Grain LLC v. Grayn Co.*, No. 18-56325 (9th Cir.). We affirm that award in a separate memorandum disposition.

action did not constitute an impermissible double recovery for Attebury. The district court specifically stated in its order denying the motion to alter the judgment that "any additional amounts collected as compensatory damages from any defendant in satisfaction of this judgment would be set off against the 2016 Judgment against Defendant Vicente Cortez." Cortez relies on *Renda v. Nevarez*, 223 Cal. App. 4th 1231 (Cal. Ct. App. 2014), to argue that California's Uniform Voidable Transactions Act is inapplicable here because a debtor is not a "person for whose benefit the transfer was made." Cal. Civ. Code § 3439.08(b)(1)(A). However, *Renda* did not reach this issue, and Cortez provides no explanation for why his transfer of assets to avoid payment of a debt would not qualify him as such a person. *Renda*, 223 Cal. App. 4th at 1236.

2. Cortez argues that the punitive damages award was improper. This is incorrect. The UVTA allows for "[a]ny other relief the circumstances may require." Cal. Civ. Code. § 3439.07(a)(3)(C). California law, which supplements the UVTA, *see* Cal. Civ. Code § 3439.12, authorizes punitive damages against those "guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). California courts have thus held that punitive damages are available under the UVTA. *See Personalized Workout of La Jolla, Inc. v. Ravet*, 2014 WL 68753, at *17 (Cal. Ct. App. Jan. 9,

2014); *Aly v. Yousri*, 2012 WL 1493533, at *5 (Cal. Ct. App. Apr. 30, 2012).[2]

Cortez's only other argument against the district court's award of punitive damages is that the district court did not have enough evidence about Cortez's financial condition. However, the record shows that the district court had before it sufficient evidence of Cortez's financial condition, including the value of Cortez's real property, his ownership of vehicles, and the monthly income generated from one of his properties. *See O'Brien v. Baca*, 2017 WL 5988347, at *8 (Cal. Ct. App. Dec. 4, 2017); *XTC Invs., LLC v. Bluenose Trading, Inc.*, 2011 WL 3132102, at *7 (Cal. Ct. App. June 21, 2011). Moreover, when Cortez later filed his motion to alter or amend the judgment, he did not offer competing financial information. Accordingly, there was no error.

**AFFIRMED.**

---

[2] We can consider unpublished California Court of Appeal decisions in determining California law. *See Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1008 n.2 (9th Cir. 2012).